**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DYNAMIC MESH NETWORKS, INC. D/B/A MESHDYNAMICS<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>Defendant. | Civil Action No. 2:25-cv-781-JRG (LEAD CASE) |
| DYNAMIC MESH NETWORKS, INC. D/B/A MESHDYNAMICS<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>Defendant. | Civil Action No. 2:25-cv-783-JRG (MEMBER CASE) |

**PLAINTIFF MESHDYNAMICS' MOTION TO STRIKE DEFENDANT CISCO
SYSTEMS, INC.'S PRELIMINARY INVALIDITY CONTENTIONS**

1

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... i

II.   BACKGROUND ...................................................................................................... 1

III.    ARGUMENT............................................................................................................. 4

   A.   Cisco's "Incorporation by Reference" and "Reservation of Rights" for Undisclosed References Do Not Meet the Requirements of P.R. 3-3. ........................................... 5

   B.   Cisco's Obviousness Allegations Do Not Comply with P.R. 3-3(b)................................. 7

   C.   Cisco's Invalidity Charts Do Not Meet the Requirements of P.R. 3-3(c). ........................ 11

IV.  CONCLUSION....................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anonymous Media Research Holdings, LLC v. Samsung Elecs. Am. Inc.*
2025 U.S. Dist. LEXIS 180894 (E.D. Tex. Sept. 16, 2025) ........................................................5

*Audio, LLC v. Togi Entm't, Inc.*,
2014 U.S. Dist. LEXIS 194378 (E.D. Tex. Aug. 5, 2014) .......................................................10

*Compulife Software, Inc. v. Rutstein*,
2025 U.S. Dist. LEXIS 134579 (S.D. Fla. Jan 10, 2025) .........................................................8

*Computer Acceleration Corp. v. Microsoft Corp.*,
503 F. Supp. 2d 819 (E.D. Tex. 2007)......................................................................................4

*Cummins-Allison Corp. v. SMB Co.*,
2009 U.S. Dist. LEXIS 22114 (E.D. Tex. Mar. 19, 2009).................................................4, 5, 6

*Cywee Grp. Ltd. v. Samsung Elecs. Co.*,
2018 U.S. Dist. LEXIS 218553 (E.D. Tex. July 2, 2018).........................................................11

*In re Fritch*,
972 F.2d 1260 (Fed. Cir. 1992)................................................................................................10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006).................................................................................................5

*Pers. Audio, LLC v. Togi Entm't, Inc.*,
2014 U.S. Dist. LEXIS 194378 (E.D. Tex. Aug. 5, 2014) ......................................................10

*Pozen Inc. v. Par Pharm., Inc.*,
2010 U.S. Dist. LEXIS 146631 (E.D. Tex. June 8, 2010).......................................................11

*Realtime Data, LLC v. Packeteer, Inc.*,
2009 U.S. Dist. LEXIS 114207 (E.D. Tex. Dec. 8, 2009)........................................................5

*Saffran v. Johnson and Johnson*,
2009 U.S. Dist. LEXIS 19615 (E.D. Tex. Feb. 24, 2009) ..................................................9, 12

*Vasu Holdings, LLC v. Samsung Elecs. Co.*,
2026 U.S. Dist. LEXIS 24425 (E.D. Tex. Feb. 4, 2026) ..........................................................6

*Wapp Tech L.P. v. Bank of Am. Corp.*,
2022 U.S. Dist. LEXIS 118806 (E.D. Tex. July 6, 2022)...................................................11, 12

*Whirlpool Corp. v. TST Water*
　　2016 U.S. Dist. LEXIS 9630 (E.D. Tex. Nov. 8, 2016). ...........................................................9

## I.    INTRODUCTION

Local Patent Rule 3-3 aims to streamline this litigation by ensuring Cisco cannot wait until the end of discovery to reveal its invalidity arguments. But Cisco's "Preliminary Invalidity Contentions" do not provide the notice that this Rule demands. The "preliminary" contentions are a moving target: Cisco's charts collectively paste thousands of blocks of alleged prior-art text and figures *without explanation* of how the disclosures meet each claim element; "omnibus" obviousness positions preserve virtually limitless combinations instead of identifying each specific combination and the motivation to combine; and multiple *inter partes* review ("IPR") petitions and other proceedings are *wholesale* incorporated by reference. MeshDynamics cannot decipher a single invalidity position that Cisco intends to present *in this litigation* from Cisco's contentions.

Cisco's approach defeats the fundamental notice function of the Local Patent Rules and invites litigation by ambush. Cisco refuses to cure these core problems and ostensibly will not do so until MeshDynamics agrees to narrow its asserted claims. But MeshDynamics is entitled to Cisco's invalidity position*s early* to make informed decisions about which claims to assert. That is how the Local Patent Rules and this Court's Model Orders are designed—Cisco must clearly lay out its invalidity theories *before* it claims MeshDynamics should narrow its case (which is only sixty-five claims across two cases at this time). Cisco is evading its obligation to provide MeshDynamics notice of its invalidity positions. Because Cisco's contentions are deficient in ways that have prejudiced MeshDynamics *and* will continue to prejudice MeshDynamics in every facet of this litigation, this Court should strike Cisco's "preliminary" invalidity contentions.

## II.    BACKGROUND

On January 5, 2026, pursuant the Docket Control Order, Cisco served its "Preliminary Invalidity Contentions." *See* Dkt. 40. In this consolidated case, the contentions address seven

patents and sixty-five total claims across both the Lead Case and the Member Case. Even so, Cisco's invalidity charts are *10,483* pages in length. And Cisco's cover pleading claims the charts are only "for illustrative prior art references" and provide merely "exemplary disclosures," while conceding that "each and every disclosure of the same limitation in the same reference is not necessarily identified." *See* Ex. A at 2, 13.[1] The contentions further attempt to preserve broad and shifting theories by "incorporation by reference" and "reservation of rights"—for example, by asserting that uncited portions, cited-within-cited materials, and other materials may supply missing limitations.[2] For system art, Cisco reserves the right to rely on undisclosed versions or *any* system referenced, embodied or described in *any* of the prior art identified in its contentions, and undisclosed references about the system.[3] Cisco incorporates *wholesale* prior art, claim charts and expert opinions from *entire* IPR proceedings and other unknown or unnamed proceedings.[4]

Cisco's charts further comprise dozens of block quotations and figures for claim elements,

---

[1] References to "Decl." and "Ex." are to the Declaration of Oded Burger, filed herewith.

[2] *See, e.g.*, *id*. at 13 ("Defendant may also rely on uncited portions of the prior art references, any cited documents within any prior art reference, other references, and the testimony of experts to establish that the limitations of the Asserted Claims are anticipated or rendered obvious…."); at 31 ("Defendant expressly reserves the right to rely upon all prior art cited in the prosecution of the Asserted Patents.").

[3] *See, e.g.*, *id*. at 6 ("Multiple versions or implementations of any of the disclosed systems may exist—Defendant expressly reserves the right to rely upon other versions and implementations of these systems."); at 28 ("Defendant further reserves the right to rely on any prior art system referenced, embodied, or described in any of the prior art identified herein, or which embodies any of the prior art identified herein."); at 28 ("For the prior art products or systems, Defendant may rely on additional documents to demonstrate the products or systems, testimony relating to the products or systems, and other information.").

[4] *See id*. at 32 ("Defendant also incorporates by reference in their entirety each and every ground for invalidity (and all arguments and documents cited in support of those grounds of invalidity) set forth in Inter Partes Review Nos. IPR2025-01304, IPR2025-01523, IPR2025-01569, IPR2026-00008, and IPR2026-0012 (filed between August 8, 2025 and November 21, 2025). In addition, Defendant incorporates by reference any expert reports, invalidity contentions, identified prior art, invalidity claim charts or defenses disclosed at any date by any party to any other litigation or U.S. Patent & Trademark Office proceeding involving the Asserted Patents or any related patents.").

2

without any explanation how each element is found the block quotations or figures. *See* Ex. B (000-103 claim chart). Cisco includes "omnibus" obviousness charts that fail to identify each specific combination and motivation to combine for that combination, but instead reserve the right to combine *any* references across the *10,483* pages of charts. *See id*. at 2 (". . . in further combination with the references specifically identified below, references identified in Exhibits [000-A] through [000-H], and/or references identified in Cisco's Invalidity Contentions."). Likewise, each "single reference" chart includes the same boundless obviousness combinations for each claim element (and errors). *See* Ex. C (952-B claim chart) at 28 ("Tikalsky in combination with (1) the knowledge of a person of ordinary skill in the art, alone or in further combination with (2) each (individually, as well as one or more together) of the other references identified in claim[1a] of Exhibits 952-A through 952-XX and Exhibit [XX] renders the claim, including the present limitation, obvious.").[5]

On January 16, 2026, MeshDynamics sent Cisco a detailed letter, fully supported by caselaw from this District, explaining the clear deficiencies in Cisco's "preliminary" invalidity contentions, including: (1) Cisco's charts improperly rely on "gratuitous" use of block quotations without explanation in violation of P.R. 3-3(c); (2) Cisco's omnibus obviousness allegations fail to identify each combination and motivation to combine as required by P.R. 3-3(b); and (3) Cisco improperly uses incorporation-by-reference to evade disclosure obligations, including the wholesale incorporation of multiple IPRs. *See* Ex. D. Nineteen days later, on February 4, 2026, Cisco responded claiming that its contentions "far exceed" the requirements of P.R. 3-3, it provided "36 pages of clear motivations," and insisting that MeshDynamics already had "fair notice" of

---

[5] In addition to errors such as "XX," Cisco did not serve charts "691-B" (Osann) and "385-D" (Airespace) on January 5, 2026. Cisco therefore cannot rely on these alleged prior art references.

Cisco's IPR grounds. *See* Ex. E. [6]

On February 11, 2026, MeshDynamics reiterated in writing that Cisco's contentions are noncompliant. *See* Ex. F. Cisco responded on February 20, again refusing to cure the substantive deficiencies, but agreed to strike a handful of improper "incorporation by reference" in the cover pleading. *See* Ex. G at 2. But those minor edits do not resolve—and do not even address—the three core defects MeshDynamics identified: (1) non-explanatory charting; (2) non-specific obviousness combinations and motivations; and (3) improper incorporation of, *e.g.*, references cited in references, IPR grounds, and other proceedings. *See id*. On February 23, 2026, counsel for MeshDynamics and Cisco met and conferred to discuss Cisco's "preliminary" invalidity contentions. Decl., ¶ 12. Cisco confirmed its limited agreement to strike, and the parties confirmed they are at an impasse regarding the other issues MeshDynamics raised.

## III.    ARGUMENT

To fulfill this District's goal of adequate notice for trial, the Local Patent Rules ("P.R.") require an accused infringer to fully and timely disclose its invalidity contentions. *See* P.R. 3-3; *see also Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) ("The local patent rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.").

The purpose of P.R. 3-3 is to place MeshDynamics on notice of potentially invalidating art that Cisco will assert in its case. *See Cummins-Allison Corp. v. SMB Co*., 2009 U.S. Dist. LEXIS 22114, at *9 (E.D. Tex. Mar. 19, 2009). Cisco's "preliminary" invalidity contentions fail to comply

---

[6] Cisco failed to follow this Court's Discovery Order and timely respond to MeshDynamics' identification of deficiencies in its disclosures. *See* Dkt. 50, ¶ 9(a). MeshDynamics had to request a meet and confer at least five times before Cisco agreed to discuss its contentions. Decl., ¶ 11.

with P.R. 3-3 for several reasons, and should be stricken as detailed below. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363, 1369 (Fed. Cir. 2006) ("[T]he exclusion of evidence is often an appropriate sanction for the failure to comply with such deadlines.").

### A. Cisco's "Incorporation by Reference" and "Reservation of Rights" for Undisclosed References Do Not Meet the Requirements of P.R. 3-3.

P.R. 3-3 requires Cisco to "identify *each* item of prior art that allegedly anticipates each asserted claim or renders it obvious." P.R. 3-3(a). Cisco's invalidity contentions must also include "[a] chart identifying where *specifically* in each alleged item of prior art each element of each asserted claim is found." P.R. 3-3(c) (emphases added). "Illustrative" or "exemplary" disclosures do not comply with P.R. 3-3. *See Cummins-Allison*, 2009 U.S. Dist. LEXIS 22114, at *9 ("Failure to provide the specific references that allegedly reads on a claim limitation of the [patent] does not place Plaintiff on sufficient notice."); *see also Realtime Data, LLC v. Packeteer, Inc.*, 2009 U.S. Dist. LEXIS 114207, at *16 (E.D. Tex. Dec. 8, 2009) (striking references that do not appear in any invalidity chart and have not been identified claim-by-claim or element-by-element).

Cisco's contentions attempt to wholesale incorporate by reference a host of material that was not actually identified as an item of prior art *and* included in the charts. This includes blanket statements incorporating any "uncited portions" of the prior art references, "any cited documents within [the] prior art reference," and even *entire* IPRs and other proceedings. *See, e.g.*, Ex. A, 3, 28, 29, 31-32.[7] Cisco also "expressly reserves the right to rely upon all prior art cited in the prosecution of the Asserted Patents." *Id.*, 31. But the case law in this District *expressly* forbids this tactic. In *Anonymous Media Research Holdings, LLC v. Samsung Elecs. Am. Inc.*, this Court recently struck an expert opinion where the defendant had attempted to incorporate by reference

---

[7] Exhibit A shows in yellow highlighting what MeshDynamics seeks to strike in the cover pleading pursuant to P.R. 3-3 and in red strikethrough what Cisco has already agreed to strike.

prior art not specifically disclosed in the contentions. 2025 U.S. Dist. LEXIS 180894, at *9 (E.D. Tex. Sept. 16, 2025). In that case, this Court confirmed "without hesitation that incorporation by reference of all prior art listed in the specification or prosecution history of a patent does not satisfy the requirements of the Local Patent Rules regarding invalidity contentions." *See id*. at *8.

Even more recently, Judge Payne rejected the argument that parallel IPR filings provide sufficient notice for district-court invalidity theories. *See Vasu Holdings, LLC v. Samsung Elecs. Co.*, 2026 U.S. Dist. LEXIS 24425, at *5-6 (E.D. Tex. Feb. 4, 2026) (rejecting argument that plaintiff was already on notice, because this prior art was disclosed in a parallel IPR filing); *see also Cummins-Allison*, 2009 U.S. Dist. LEXIS 22114, at *8-11 (striking late-disclosed art, despite being same art in parallel Patent Office proceedings).

Cisco is not merely incorporating references (and *entire* proceedings) as "background material" relevant to the start of the art. *See* Ex. G at 2. Cisco is trying to incorporate unidentified and uncharted references to later invalidate the patents-in-suit, by anticipation or obviousness. *See, e.g.*, Ex. A at 13 ("Defendant may also rely on uncited portions of the prior art references, any cited documents within [the] prior art reference, [] and the testimony of experts to *establish that the limitations of the Asserted Claims are anticipated or rendered obvious*….") (emphasis added). Cisco "incorporates by reference in [its] entirety each and every *ground for invalidity* (and all arguments and documents cited in support of those grounds of invalidity)" from multiple IPRs, and further incorporates "expert reports, *invalidity contentions*, identified prior art, [and] *invalidity claim charts*" from other proceedings. *Id*. at 32 (emphases added).[8] That is not a contention or

---

[8] The import of striking this cannot be overstated. Cisco filed two *ex parte* reexaminations for the '852 and '000 patents *after* January 5, 2026, with additional alleged prior art than charted in its Invalidity Contentions. That prior art was unquestionably available to Cisco on January 5, and it cannot now bring those references into this litigation by "incorporation by reference" or the guise

6

proper identification under P.R. 3-3—it is an outsourcing of Cisco's disclosure obligations. It also eviscerates the notice function: If Cisco can import entire proceedings and references wholesale, MeshDynamics cannot tell what Cisco is actually asserting in this case—or what it is not.

Simply put, Cisco must disclose what specific prior art evidence it is actually relying upon, not a merely exemplary subset, and chart that alleged prior art. This District's authority is clear that "illustrative/exemplary" disclosures and attempts to preserve reliance on undisclosed references and disclosures do not satisfy P.R. 3-3. Cisco was required to disclose on January 5, 2026, the specific prior art references and combinations it anticipates using at trial, not to hint or suggest them, or incorporate them by reference. Nor can Cisco add these references later under the guise of a supplement allowed by the Rules—Cisco was required to disclose the *available* prior art on January 5. MeshDynamics respectfully requests that the Court strike Cisco's incorporation-by-reference provisions (including the IPR-incorporation language) identified in Exhibit A.[9]

**B.    Cisco's Obviousness Allegations Do Not Comply with P.R. 3-3(b).**

For any allegations of obviousness, P.R. 3-3(b) requires that "*each* such combination, and the motivation to combine *such items*, must be identified." (emphasis added). This District has repeatedly condemned "omnibus" combinations and "pick-and-choose" approaches that generate an "impossibly high number of combinations" and obscure what the defendant will actually contend at trial. *See Realtime*, 2009 U.S. Dist. LEXIS 114207, at *19, 22 ("[R]eserving the right to combine any charted prior art references [does not] offer [] a plaintiff sufficient notice to adequately rebut a defendant's largely undisclosed invalidity theories.").

---

of supplementation, as the reexaminations were filed *before* supplemental infringement contentions.

[9] As discussed *infra*, this also includes the extensive reservation of rights and incorporation by reference that Cisco cites for obviousness in its charts.

Cisco employed broad "omnibus" obviousness charts that list numerous references and then purport to combine them in virtually limitless ways, rather than selecting and charting specific combinations with the motivation to combine. For example, Cisco's Exhibit 000-103 (an "omnibus" obviousness chart) states that the claim elements would be obvious "in further combination with the references specifically identified below, references identified in Exhibits [000-A] through [000-H], *and/or* references identified in Cisco's Invalidity Contentions." *See, e.g.*, Ex. B at 2 (emphasis added).[10] The charts do not identify a single, specific *combination* of references *with* the specific motivation to combine for that unique combination. Cisco simply unloaded a list of references and a vast multitude of potential combinations rather than specifically identifying the combinations with the motivation to combine. Indeed, at the meet and confer, Cisco was asked how many obviousness combinations it is asserting, and it could not say. Decl., ¶ 12. Cisco's inability to enumerate its own contentions is unsurprising in light of its unbounded reservations.

As another example, for the '691 patent, Cisco's "omnibus" obviousness chart identifies a minimum of *120* two-reference combinations[11]—and Cisco has *not* limited itself to only two-reference combinations and has further reserved the right to form combinations with *any* of the alleged prior art found *anywhere* in its contentions, which contain more than a hundred prior art references. Ex. H at 1-2.[12] In other words, Cisco has reserved for itself thousands of possible

---

[10] Cisco served "omnibus" obviousness charts for each patent-in-suit that follow the same approach. MeshDynamics does not attach all charts due to volume, but can provide them to the Court if necessary. Cisco's charts for individual references *also* include the same boundless combination language for claims elements. *See, e.g.*, Ex. C (952-B claim chart) at 28.

[11] Two-reference combinations = $(16)!/(2! \times 14!) = n!/(k!(n-k)!)$, where n = number of prior art references, and k = size of the combination. *See, e.g.*, *Compulife Software, Inc. v. Rutstein*, 2025 U.S. Dist. LEXIS 134579, at *43 n.12 (S.D. Fla. Jan 10, 2025).

[12] A conservative estimate of the number of three-reference combinations, accounting for Cisco's boundless incorporations and reservation of "any cited document within" any of its 100+ prior art

8

combinations without committing to any of the particular combinations it will actually assert. But again, this is *expressly* forbidden by the caselaw of this District. *Realtime,* 2009 U.S. Dist. LEXIS 114207, at *20. ("The Court rejects Citrix's argument that a defendant has the ability to rely upon language in its invalidity contentions [] stating that it effectively reserves the right to assert obviousness combinations from any of the prior art references that appear in its invalidity contentions."). With so many potential obviousness combinations, and multiple theories in a single chart, it is "difficult, if not impossible, to assess which combinations" Cisco intends to raise at trial. *See Realtime*, 2009 U.S. Dist. LEXIS 114207, at *19; Decl., ¶ 12.[13]

This Court has repeatedly struck such boundless combinations. In *Saffran v. Johnson and Johnson*, the court struck invalidity contentions that did "not specifically identify combinations of references that the defendants anticipate using at trial." 2009 U.S. Dist. LEXIS 19615, at *4 (E.D. Tex. Feb. 24, 2009). In *Whirlpool Corp. v. TST Water*, this Court likewise struck contentions that described large "buckets" of prior art references without "explaining the particular motivation to combine" each specific combination. No. 15-cv-1528, Dkt. 77, 1-2 (E.D. Tex. Nov. 8, 2016). And as noted, *Realtime* rejected the notion that a defendant can simply reserve "the right to combine any charted prior art references" without clearly disclosing actual combination theories. *See* 2009 U.S. Dist. LEXIS 114207, at *19-23 (granting motion to strike where party's attempt to "reserve[] the right to combine" more than 500 prior art references "result[s] in an impossibly high number of combinations to reasonably serve the notice function contemplated by the Patent Rules.").

---

references, which can also be combined according to Cisco, would be more than 161,700 unique three-reference combinations against the '691 patent alone. *See* Ex. H at 1-2.

[13] Cisco's own contentions state that the listed combinations are merely "examples," are "not meant to list every possible combination," and are "not admissions that unlisted combinations would not have been obvious." Ex. A , 38, 43, 48, 52, 56, 59, and 63. That is the definition of noncompliance with P.R. 3-3(b): Cisco reserves the ability to swap in any unlisted combination later.

Cisco's approach is precisely what this District forbids.

Instead of boundless combinations, this District requires identification of specific combinations and motivation to combine. Yet Cisco by its own terms provides at most only "exemplary" obviousness combinations. *See* Ex. A at 38-66. This approach also has been *expressly* rejected by this Court. *Pers. Audio, LLC v. Togi Entm't, Inc.*, 2014 U.S. Dist. LEXIS 194378, at *6 (E.D. Tex. Aug. 5, 2014) ("[S]imply providing a small number of 'exemplary combinations' does not serve the notice function of the invalidity contentions as to every possible combination of a universe of references."). And the exemplary combinations and "motivations to combine" Cisco provides only highlight the defects in its contentions. Cisco frames motivations as an exercise in interchangeable parts—*e.g.*, "RFC 5109 (or RFC 2733 or Maxemchuk or Ver Steeg or Chawla)" combined with "Chesterfield (or Raith or Zheng)" and so on. *See, e.g.*, Ex. A at 64;[14] *see also* Ex. H at 1, 4 (placing eight prior art references into a bucket generically defined as "Reference," which is then cited in boilerplate allegations with respect to *each* claim element (*e.g.*, with respect claim [1pre])). These nested "or"-lists are not "*each* combination" as required by the Rule, but are inscrutable buckets. This is just another attempt by Cisco to preserve a boundless ability to pick-and-choose down the road from over a hundred prior art references and is the essence of "hindsight reconstruction." *In re Fritch*, 972 F.2d 1260, 1266 (Fed. Cir. 1992) (a defendant cannot use the patent-in-suit as an "instruction manual" to "piece[] together the teachings of the prior art").

Cisco's approach of listing buckets of "References," declaring more than 10,000 pages of mix-and-match "exemplary" combinations creates an undeniable notice failure. *See Realtime*, 2009 U.S. Dist. LEXIS 114207, at *19-23. MeshDynamics requests this Court strike Cisco's

---

[14] In additional to each of the "omnibus" charts, which should be stricken, MeshDynamics highlights in blue the additional "exemplary" combinations that should be stricken from Cisco's cover pleading in Exhibit A.

obviousness contentions, including all "omnibus" 103 charts, all boundless obviousness reservations found in the single reference charts (*see e.g.*, Ex. B at 28), and the "exemplary" combinations/motivations to combine in the cover pleading.[15]

### C.      Cisco's Invalidity Charts Do Not Meet the Requirements of P.R. 3-3(c).

P.R. 3-3(c) requires "a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." Courts in this District reject charts that paste multi-page quotations or copied figures absent any analysis. In *Wapp Tech L.P. v. Bank of Am. Corp.*, Judge Mazzant held that the "gratuitous use" of block quotes "combined with the lack of explanation or analysis, is insufficient to provide fair notice." *See* No. 21-cv-00670, Dkt. 105, 1 (E.D. Tex. July 1, 2022); *see also Pozen Inc. v. Par Pharm., Inc.*, 2010 U.S. Dist. LEXIS 146631, at *31 (E.D. Tex. June 8, 2010) ("Where there is no explanation as to how particular references anticipate or render the asserted claims obvious, a defendant will not be permitted to 'reserve the right' to assert largely undisclosed invalidity theories.").

Cisco's charts consist entirely of long excerpts and pasted figures—across several pages—that appear under claim elements with no analysis connecting the cited material to the claim language. *See, e.g.*, Ex. H (691-103 claim chart). For example, even though Cisco's 580-Page "691-103" chart provides 919 prior art citations, it provides absolutely *no* explanation*, no* commentary, and *no* mapping or other indication whatsoever for how the language of the asserted claims allegedly maps to the language in *any* of those prior art citations. *See generally* Ex. H. Dozens of block quotes are provided per claim element, with no explanation of how that specific disclosure in that item of prior art meets the claim element. Cisco's charting method is consistent

---

[15] MeshDynamics respectfully requests that the Court's order make clear that nothing in its order authorizes Cisco to assert new invalidity contentions; rather, the order directs Cisco to eliminate previously asserted contentions. *See Cywee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 U.S. Dist. LEXIS 218553, at *6 n.2 (E.D. Tex. July 2, 2018).

across *all* of its more than 10,000 pages of charts, with dozens of block quotes and figures with minimal or *no* explanation. *See, e.g.*, Ex. B; Ex. C; Ex. H.

That is the precise failure condemned by this District in *Wapp Tech*. There, after reviewing exemplar charts, the Court found the contentions noncompliant because "Defendants' gratuitous use [of block quotations], combined with the lack of explanation or analysis, is insufficient to provide fair notice." *Wapp Tech*, Dkt. 105 at 1. There can be no question that Cisco's reliance on more than 10,000 pages of unexplained block quotes is not only "gratuitous," but designed to obscure the theories that Cisco actually "anticipate[s] using at trial." *See Saffran*, 2009 U.S. Dist. LEXIS 19615, at *4. And Cisco's own cover pleading confirms the problem: It characterizes its charts as "illustrative" and identifies only "exemplary disclosures," while conceding that "each and every disclosure … is not necessarily identified." *See* Ex. A at 2. Cisco's approach eviscerates the Rule's requirement that Cisco identify "where specifically in each alleged item of prior art each element of each asserted claim is found." *See* P.R. 3-3(c). P.R. 3-3(c) requires more than block quotes and figures with no explanation—it requires the accused infringer to do the work of tying specific disclosures to the claim element through, at minimum, *some* explanation.

MeshDynamics requests the Court strike Cisco's invalidity charts, and order Cisco to serve charts complaint with P.R. 3-3(c) within 14-days of the Order. *See Wapp Tech*, Dkt. 105, 2.

## IV.      CONCLUSION

For the foregoing reasons, the Court should strike the statements highlighted in Cisco's "Preliminary Invalidity Contentions" cover pleading (*see* Ex. A), strike Cisco's "omnibus" obviousness charts and boundless obviousness reservations found in the single reference charts (*see e.g.*, Ex. B at 28), and order Cisco to serve charts compliant with P.R. 3-3(c) within 14-days of this Court's Order.

Dated:  February 27, 2026

By: */s/ Elizabeth Bernard*
Jennifer Parker Ainsworth
TX State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON ROBERTSON &
VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5091

Scott R. Samay* (*pro hac vice*)
Jason S. Charkow* (*pro hac vice*)
Elizabeth Bernard* (admitted DC Bar No. 986675)
Donald L. Jackson (admitted VA Bar No. 42882)
Oded Burger* (admitted NY Bar No. 4910808)
Lisa Phillips* (*pro hac vice*)
Taylor Lepore* (*pro hac vice*)
Erin Hadi* (*pro hac vice*)
Louay Meroueh* (*pro hac vice*)
ssamay@daignaultiyer.com
jcharkow@daignaultiyer.com
ebernard@daignaultiyer.com
djackson@daignaultiyer.com
oburger@daignaultiyer.com
lphillips@daignaultiyer.com
tlepore@daignaultiyer.com
ehadi@daignaultiyer.com
lmeroueh@daignaultiyer.com
**DAIGNAULT IYER LLP**
8229 Boone Blvd - Suite 450
Vienna, VA 22182

*Attorneys for Plaintiff*
*DYNAMIC MESH NETWORKS, INC. D/B/A*
*MESHDYNAMICS*

*Not admitted to practice in Virginia

13

## CERTIFICATE OF SERVICE

It is hereby certified that on February 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of filing electronically to all counsel of record.

*/s/ Elizabeth Bernard*
Elizabeth Bernard

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 23, 2026, the parties met and conferred in accordance with Local Rules CV-7(h) and (i). This motion is opposed. The main attendees for MeshDynamics were lead counsel, Elizabeth Bernard, and local counsel, Jennifer Ainsworth. The main attendee for Cisco was lead counsel, Tamir Packin. Other Cisco counsel attended as well. The parties reached an impasse as to Cisco's "Preliminary Invalidity Contentions."

*/s/ Elizabeth Bernard*
Elizabeth Bernard
