**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DYNAMIC MESH NETWORKS, INC. D/B/A MESHDYNAMICS,<br><br>*Plaintiff*,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:25-CV-00781-JRG<br>(LEAD CASE) |
| DYNAMIC MESH NETWORKS, INC. D/B/A MESHDYNAMICS,<br><br>*Plaintiff*,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:25-CV-00783-JRG<br>(MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff MeshDynamics' Opposed Motion to Compel Discovery Regarding Webex Meetings Survivability ("Motion"). (Dkt. No. 82.) Having considered the Motion, all associated briefing, and the documents submitted in support thereof, the Court finds that the Motion should be **GRANTED**.

## I. LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is "relevant to any party's claim or defense" and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the sought information is relevant to the case or will lead

to the discovery of admissible evidence. *See, e.g.*, *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-cv-00042, 2020 WL 6559869, at *2 (E.D. Tex. Nov. 9, 2020).

## II. ANALYSIS

Plaintiff seeks discovery regarding Webex Meetings Survivability ("WMS") features. (Dkt. No. 82 at 3–5.) In its patent infringement contentions, Plaintiff charted two similarly named features of Defendant's Webex Calling platform: Site Survivability and Enhanced Survivability. (*Id.* at 2.) The Court understands that these features generally allow Defendant's Webex calls to continue if a call is dropped, loses connection, etc. Plaintiff claims that such features are representative of, and similar to, a Webex Meetings Survivability feature that it briefly identified in its infringement contentions. Plaintiff stresses that all three "Survivability" features sound similar, but that publicly-accessible information about the specific Webex Meetings Survivability feature is limited.

Defendant contends that it should not have to produce information pertaining to Webex Meetings Survivability. According to Defendant, Plaintiff's Motion is moot because Defendant "internally investigated WMS" and found that "these products are neither representative nor even related" to Site Survivability and Enhanced Survivability products. (Dkt. No. 84 at 5.) Defendant, in an effort to resolve disputes, has "produced internal technical documentation describing the functionality of WMS," but maintains that WMS has "***no associated source code***." (*Id.* at 2 (emphasis in original), 5.) Defendant also argues that Plaintiff has articulated no technical basis to show that the charted survivability features are representative of WMS beyond expressing that they sound similar. (*Id.* at 6.)

The Court finds that Defendant should produce discovery regarding Webex Meetings Survivability features for at least three reasons. First, the Court does not agree with the suggestion that such information should be withheld because Defendant "internally investigated WMS" and

found that it should not produce such information. (Dkt. No. 84 at 5; Dkt. No. 91 at 3–5.) Plaintiff can make its own internal determination whether confidential survivability information is germane to this case and patentably similar to other survivability information that Plaintiff charted.

Second, Defendant's contention that WMS has "***no associated source code***" seems to strain credibility. Plaintiff, quoting Defendant's own documents, explains that WMS "is provided by deploying Cisco Meeting servers" on customers' premises. (Dkt. No. 87 at 1–4.) Such meeting server code, in fact, is associated with WMS.

Third, the Court is not convinced that WMS features, which may entail manually selected failover features, are irrelevant to the infringement inquiry at this stage. Defendant's representation that the asserted patent contemplates automatic or "Self-Forming" failover features does not carry the day, without more. (*See* Dkt. No. 91 at 3.) This is because at bottom all identified survivability features appear to prevent meeting and call failures.

## III. CONCLUSION

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 82) should be **GRANTED**. Accordingly, it is **ORDERED** that Defendant, to the extent that it has not already done so, shall produce all technical documents and source code describing the operation of Webex Meetings Survivability, including technical documents and source code describing Cisco Meeting server configuration steps that a user can input in the event of a meeting outage. Defendant shall do so within fourteen (14) days of this Order and file a notice of compliance thereupon.

**So ORDERED and SIGNED this 1st day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE